## Brunson v. Southeastern Pennsylvania Transportation Authority

*S. Regen Ginsburg*, for plaintiff.
*Joseph C. DeMaria*, for defendant.

PRATTIS, J., August 1, 1975.—Plaintiff, Caressa Brunson, filed a complaint in trespass alleging that defendant (SEPTA), through its agents and employes, negligently operated the bus on which she was a passenger, on June 12, 1973, thus causing her to sustain personal injuries. Plaintiff has filed with the court and served on defendant, SEPTA, interrogatories, and de-

fendant, within ten days after being served said interrogatories, filed objections thereto. Plaintiff has filed this motion to dismiss defendant SEPTA's objections to plaintiff's interrogatories, and this present motion is limited to plaintiff's interrogatories numbers 2, 7, 8 and 9.

The basis for defendant's objections to plaintiff's interrogatories lies in Pa. R. C. P. 4011(d), which provides that no discovery shall be permitted which:

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial, or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

It is clear that when an objection is filed under Rule 4011, the objector, here, defendant SEPTA, has the burden of showing the court why discovery should be refused: Kolansky v. Hills, 34 D. & C. 2d 751 (1964), and there are no presumptions upon which the objector may rely: Holowis v. Philadelphia Electric Company, 38 D. & C. 2d 260 (1966).

Plaintiff's interrogatory no. 2 asks defendant to "describe in detail your version of how the accident occurred, giving date, time, place, weather, visibility, circumstances, etc."

The decisions on the propriety of this type of interrogatory have not been uniform. Compare Tarason v. Lehr, 23 D. & C. 2d 500 (1960) (discovery not allowed), with Bystrom v. Sears, Roebuck and Co., 18 D. & C. 2d 300 (1959). Basically, this interrogatory seeks facts from the operator of the SEPTA vehicle which would reveal his view of the incident in question. It seems clear that the operator's recollection of the facts surround-

ing an accident is not information "made or secured" in anticipation of litigation, and, thus, the better rule would be to compel defendant to answer this interrogatory. This is not a case where defendant, in order to answer the interrogatory, would be required to synthesize the statements of several of its employes. See Davis v. Blumberg, 3 D. & C. 2d 150 (1955).

Next, defendant objects to plaintiff's interrogatories nos. 7, 8 and 9, which read as follows:

"7. Did this driver make a written report to you of this occurrence?

"8. If the driver made a report, what does it say?

"9. If so, attach a copy of this report to the Answers to these interrogatories if you will do so without a Motion and Order to produce."

Again, the cases with regard to interrogatories of this type are not definitive. However, the courts have distinguished reports made routinely (even though including circumstances relating to an incident in litigation) and reports made specifically for litigation. For example, in Gallaher v. Yellow Cab Company, 119 Pitts. L. J. 66 (1970), the court held discoverable the accident report of the cab driver, but held undiscoverable the report of the driver's supervisor. See also Holowis v. Philadelphia Electric Company, supra; Glisson v. Carlin, 34 D. & C. 2d 433 (1964); Leto v. City of Philadelphia, 19 D. & C. 2d 53 (1959), and Moulton v. Philadelphia Suburban Transportation Company, 11 D. & C. 2d 56 (1957).

As to the report of a SEPTA bus operator, such as the one sought to be discovered here, it appears that while its prime purpose is use by the SEPTA Claim Department, it is clearly a routine report which must be prepared by the operator, in his own hand, after numerous types of incidents, not just accidents resulting in personal injuries of passenger, pedestrians or

persons in other motor vehicles. Further, there is some evidence in the record that these reports must be filed with the Pennsylvania Public Utility Commission. Thus, it is concluded that this report is the result of a routine duty which must be carried out by the defendant SEPTA's employe, and not a report made specifically in anticipation of litigation.

Therefore, it is hereby ordered and decreed this 1st day of August, 1975, that plaintiff's motion to dismiss defendant Southeastern Pennsylvania Transportation Authority's objections to plaintiff's interrogatories nos. 2, 7, 8 and 9, is granted, and defendant, Southeastern Pennsylvania Transportation Authority, is hereby ordered to file answers to the said interrogatories within 20 days from the date hereof.